**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**FREDERICK R. HUFFMAN, JR.,**

      **Plaintiff,**

  vs.                                   Civil Action 2:10-CV-31
                                             Judge Frost
                                             Magistrate Judge King

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

### ORDER

Plaintiff seeks review under 42 U.S.C. §405(g) of the decision of the Commissioner of Social Security denying his application for supplemental security income. On January 24, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed. *Report and Recommendation*, Doc. No. 10. This matter is now before the Court on plaintiff's objections to that recommendation. Doc. No. 11. The Court considers the matter *de novo*. 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

At issue in this case is the finding by the administrative law judge that plaintiff can perform a significant number of jobs in the national economy despite his severe impairments. In making this finding, the administrative law judge relied on the testimony of the vocational expert who testified that, assuming a residual functional capacity for a reduced range of light work, a claimant with plaintiff's vocational profile could perform a significant number of jobs, including such jobs as assembler of print products, order caller and bakery worker. *A.R.* 49-50. Based on that testimony, the administrative law judge concluded that plaintiff is not disabled.

In his objections, plaintiff argues that, because the

administrative law judge also posed a hypothetical that assumed a claimant with much more restrictive limitations and because the vocational expert testified, in response to that hypothetical, that such a claimant could not work, the administrative law judge was required to conclude that plaintiff was disabled. The Court is unpersuaded by plaintiff's argument.

As the Magistrate Judge noted, there is substantial support in the record for the administrative law judge's finding that plaintiff, despite his severe impairments, has the residual functional capacity to perform a reduced range of light work. The administrative law judge therefore properly posed to the vocational expert a hypothetical question that incorporated that finding. *See Jones v. Commissioner of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003). It follows, then, that the administrative law judge did not err in relying on the testimony of the vocational expert to conclude that plaintiff is not disabled. *See Varley v. Sec'y of Health and Human Servs.*, 880 F.2d 777, 779 (6th Cir. 1087)(an administrative law judge may rely on vocational testimony based on a hypothetical question that accurately portrays the plaintiff's individual physical and mental impairments as found by the administrative law judge).

Because the decision of the administrative law judge is based on substantial evidence in the record, this Court is without authority to reverse that decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). The fact that the administrative law judge considered – and rejected – plaintiff's contention that he was much more restricted in his ability to engage in work-related activities does not require a different result.

Accordingly, plaintiff's objections to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation* of the

Magistrate Judge is **ADOPTED and AFFIRMED**.

The decision of the Commissioner of Social Security is **AFFIRMED**.

The Clerk shall enter **FINAL JUDGMENT** in favor of the Commissioner pursuant to Sentence 4 of 42 U.S.C. §405(g).


                                              /s/   Gregory L. Frost
                                                     Gregory L. Frost
                                          United States District Judge